DOCKET NO. 862

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
DEC -3 1990
PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PRACTICE MANAGEMENT ASSOCIATES, INC., CHIROPRACTOR CONTRACT LITIGATION

BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT H. SCHNACKE,* FRED DAUGHERTY, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK AND HALBERT O. WOODWARD, JUDGES OF THE PANEL

TRANSFER ORDER*

This litigation presently consists of nine actions pending in five districts as follows:

| | |
|---|---|
| M.D. Florida | 3 actions |
| S.D. Illinois | 2 actions 1/ |
| N.D. California | 2 actions |
| S.D. California | 1 action |
| N.D. Georgia | 1 action |

Before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by principal defendant Practice Management Associates, Inc. (PMA) and 23 of its codefendants seeking centralization of the ten actions in the Middle District of Florida or, alternatively, the Northern District of Georgia, for coordinated or consolidated pretrial proceedings. If the Panel determines that centralization is appropriate, plaintiffs in the Georgia action and in one of the Florida actions support selection of the Northern District of Georgia as transferee forum. Plaintiffs in the Northern California and Illinois actions oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Georgia will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. PMA is sued in all actions by chiropractor plaintiffs over standardized form contracts for professional services that plaintiffs entered into after attending PMA seminars in cities across the United States. Common to all actions are allegations that PMA misrepresented the potential earnings of chiropractors signing up with PMA and failed to provide goods and services of a quality as promised to plaintiffs. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Opponents to transfer have objected that certain of the actions will focus on matters unique to those actions, that certain actions are too advanced to warrant transfer, that voluntary cooperation is a suitable alternative to transfer, or that transfer will be economically burdensome on some parties. We

---

* Judges Schnacke and Pollack took no part in the decision of this matter.

1/ A third S.D. Illinois action, <u>Dr. Mark Glesner, et al. v. Practice Management Associates, Inc., et al.</u>, C.A. No. 90-CV-4169 was originally included in the matter now before the Panel, but was dismissed on October 1, 1990. Accordingly, the question of transfer with respect to that action is moot.

find these arguments not persuasive. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, In re Joseph F. Smith Patent Litigation, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 14, R.P.J.P.M.L., 120 F.R.D. 251, 259-61 (1988). Finally, we note that since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. See, e.g., Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. See Manual for Complex Litigation, Second, §20.22 (1985). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. See In re Nissan Motor Corporation Antitrust Litigation, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974).

Movants, in offering the Middle District of Florida as their first choice of transferee forum, note that many witnesses and documents can be expected to be found there, where PMA has its headquarters and many individual defendants are located. Docket considerations, however, make us reluctant to order centralization in that forum. In selecting the Northern District of Georgia as transferee forum, we note that: 1) Atlanta offers easy transportation access to all parties; 2) the judge assigned the constituent action there has already gained some familiarity with the issues in this docket; 3) Atlanta has been one of the cities where PMA has held it seminars over the years; and 4) as movants have suggested, Atlanta's proximity to corporate defendants' headquarters in Florida will serve to ameliorate the burden on common parties and witnesses.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Northern District of Georgia be, and the same hereby are, transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable G. Ernest Tidwell for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

_John F. Nangle_
John F. Nangle
Chairman

SCHEDULE A

MDL-862 -- In re Practice Management Associates, Inc.,
            Chiropractor Contract Litigation

Northern District of California

Barry Canty, D.C., et al. v. Practice Management Associates, Inc., d/b/a Florida P.M.A., Inc., et al., C.A. No. 90-1585-EFL
Patrick Montgomery, D.C., et al. v. Practice Management Associates, Inc., d/b/a Florida P.M.A., Inc., et al., C.A. No. C-89-3411-DLJ

Southern District of California

Bradley D. Thompson, D.C. v. Practice Management Associates, Inc., C.A. No. 90-0278-S-M

Northern District of Georgia

Gary Cohen, et al. v. Practice Management Associates, Inc., et al., C.A. No. 1:90-CV-1866-GET

Southern District of Illinois

Dr. Becky Boros, et al. v. Practice Management Associates, Inc., et al., C.A. No. 90-CV-4043
Dr. Douglas Cochran, D.C., et al. v. Practice Management Associates, Inc., et al., C.A. No. 89-CV-4273

Middle District of Florida

Thomas J. Augat v. Practice Management Associates, Inc., et al., C.A. No. 90-429-CIV-T-15B
Brock Pinelli v. Practice Management Associates, Inc., C.A. No. 1:90-803-CIV-T-15B
Jerry W. Strickland, D.C. v. Practice Management Associates, Inc., etc., C.A. No. 89-1265-CIV-T-15B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 30 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 862

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE PRACTICE MANAGEMENT ASSOCIATES, INC., CHIROPRACTOR CONTRACT LITIGATION*

Dr. John Valentini, et al. v. Peter G. Fernandez, et al., S.D. Illinois, C.A. No. 91-CV-4078-JLF

**BEFORE JOHN F. NANGLE,* CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK,* HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL**

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs in the above-captioned action (Valentini) to vacate the Panel's order conditionally transferring the action to the Northern District of Georgia for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable G. Ernest Tidwell. Defendant Practice Management Associates, Inc. (PMA) supports transfer.

On the basis of the papers filed,[1] the Panel finds that Valentini involves common questions of fact with actions in this litigation previously transferred to the Northern District of Georgia, and that transfer of Valentini to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Despite some differences in legal theories, both Valentini and the previously centralized MDL-862 actions focus on allegedly deceptive practices by PMA. The Panel further notes that some of the Valentini plaintiffs and their counsel are already before the transferee court as a result of previous transfers in this docket -- accordingly, transfer of Valentini should be accomplished with a minimum of inconvenience and delay. Lastly, the Panel finds that transfer of Valentini is also appropriate for reasons expressed by the Panel in its original order directing centralization in this

---

*Judges Nangle and Pollak took no part in the decision of this matter.

[1] The parties to Valentini waived oral argument and, accordingly, the question of transfer under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

docket. See In re Practice Management Associates, Inc., Chiropractor Contract Litigation, MDL-862 (J.P.M.L. Dec. 3, 1990).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled Dr. John Valentini, et al. v. Peter G. Fernandez, et al., S.D. Illinois, C.A. No. 91-CV-4078-JLF, be, and the same hereby is, transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable G. Ernest Tidwell for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

*S. Hugh Dillin*
*Acting Chairman*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 24 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

# DOCKET NO. 862

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE PRACTICE MANAGEMENT ASSOCIATES, INC., CHIROPRACTOR LITIGATION

Practice Management Associates, Inc. v. Richard Matteo, N.D. Georgia, C.A. No. 91-2160 (M.D. Florida, C.A. No. 91-95-Civ-T-15C)

### BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### REMAND ORDER
### ORDER TO SHOW CAUSE
### AND
### FIRST AMENDMENT TO HEARING ORDER FILED
### ON OCTOBER 18, 1991

      On August 9, 1991, the Panel filed in this docket conditional transfer orders pertaining to, *inter alia*, the above-captioned action (*Matteo*) and another action (*Anderson*). Prior to expiration of the mandatory fifteen day stay of execution of the conditional transfer orders, plaintiff in both actions, Practice Management Associates, Inc. (PMA), submitted a timely notice of opposition to transfer of *Matteo* and *Anderson*. PMA subsequently submitted a motion to vacate the conditional transfer orders entered in the two actions. PMA's timely notice of opposition to transfer of *Matteo* was not filed, however, because of a clerical error. As a result, the stay of execution with regard to *Matteo* was erroneously lifted on August 27, 1991, and the action was transferred to the Northern District of Georgia. In order to correct this error, IT IS HEREBY ORDERED that the Panel's order transferring *Matteo* to the Northern District of Georgia be, and the same hereby is, VACATED, and the action is remanded to the Middle District of Florida.

      In order to permit the question of transfer of *Matteo* to be considered with the transfer of *Anderson* at a hearing in this docket previously scheduled for November 22, 1991, the parties to *Matteo* ARE HEREBY ORDERED to show cause why *Matteo* should not be transferred pursuant to 28 U.S.C. §1407 to the Northern District of Georgia for coordinated or consolidated pretrial proceedings with the actions pending there in this docket. In order to spare PMA the necessity of an additional response, the Panel, unless otherwise notified by PMA, will treat PMA's motion to vacate the conditional transfer orders in *Matteo* and

- 2 -

*Anderson* as a response to this order to show cause in opposition to transfer of *Matteo*. Any other responses to this order to show cause shall conform with the requirements of Rule 11, R.P.J.P.M.L., 120 F.R.D. 251, 257-58 (1988).

    IT IS FURTHER ORDERED that the Hearing Order and attached Schedule filed on October 22, 1991, be, and the same hereby are, AMENDED to include the question of transfer of *Matteo* to the Northern District of Georgia for centralized pretrial proceedings pursuant to 28 U.S.C. §1407.

FOR THE PANEL:

*/s/ John F. Nangle*
John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -2 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 862

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE PRACTICE MANAGEMENT ASSOCIATES, INC., CHIROPRACTOR CONTRACT LITIGATION

*Practice Management Associates, Inc. v. Kevin Anderson*, M.D. Florida, C.A. No. 91-114-Civ-T-15B
*Practice Management Associates, Inc. v. Richard Matteo*, M.D. Florida, C.A. No. 91-95-Civ-T-15B

### BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are i) a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiff Practice Management Associates, Inc. (PMA) in the first above-captioned action (*Anderson*) to vacate the Panel's order conditionally transferring the action to the Northern District of Georgia for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable G. Ernest Tidwell; and ii) PMA's opposition to the Panel's order, entered pursuant to Rule 11, R.P.J.P.M.L., *id.* at 257-58, to show cause why the second above-captioned action (*Matteo*) should not also be transferred to the Northern District of Georgia for inclusion in the MDL-862 proceedings.

On the basis of the papers filed and the hearing held, the Panel finds that *Anderson* and *Matteo* involve common questions of fact with actions in this litigation previously transferred to the Northern District of Georgia, and that transfer of *Anderson* and *Matteo* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel also finds that transfer of *Anderson* and *Matteo* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. *See In re Practice Management Associates, Inc., Chiropractor Contract Litigation*, MDL-862 (J.P.M.L. Dec. 3, 1990).

PMA premises its opposition to transfer of *Anderson* and *Matteo* on the pendency of motions to remand the actions to state court. We note, however, that the pending motions to remand can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d

- 2 -

7 (2nd Cir. 1990);   *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L. 1973).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled *Practice Management Associates, Inc. v. Richard Matteo*, M.D. Florida, C.A. No. 91-95-Civ-T-15B; and *Practice Management Associates, Inc. v. Kevin Anderson*, M.D. Florida, C.A. No.91-114-Civ-T-15B, be, and the same hereby are, transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable G. Ernest Tidwell for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

*John F. Nangle*
*Chairman*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 2 4 1992

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 862

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE PRACTICE MANAGEMENT ASSOCIATES, INC., CHIROPRACTOR CONTRACT LITIGATION

    Dr. John Valentini, et al. v. Practice Management Associates, Inc., N.D. Illinois, C.A. No. 91-C-6963

### BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD,* ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### TRANSFER ORDER

    Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs Dr. John Valentini, et al., in the above-captioned action (*Valentini*) to vacate the Panel's order conditionally transferring the action to the Northern District of Georgia for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable G. Ernest Tidwell.

    On the basis of the papers filed and the hearing held, the Panel finds that *Valentini* involves common questions of fact with actions in this litigation previously transferred to the Northern District of Georgia, and that transfer of *Valentini* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Despite differences in legal theories, both *Valentini* and the previously centralized MDL-862 actions focus on allegedly deceptive practices and otherwise improper conduct by PMA. The Panel further notes that some of the *Valentini* plaintiffs and their counsel remain before the transferee court as a result of previous transfers in this docket -- accordingly, transfer of *Valentini* should be accomplished with a minimum of inconvenience and delay. Lastly, the Panel finds that transfer of *Valentini* is also appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. *See In re Practice Management Associates, Inc., Chiropractor Contract Litigation*, MDL-862 (J.P.M.L. Dec. 3, 1990) (unpublished order).

---

    *Judge Woodward took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Dr. John Valentini, et al. v. Practice Management Associates, Inc.*, N.D. Illinois, C.A. No. 91-C-6963, be, and the same hereby is, transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable G. Ernest Tidwell for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

```
                                    JUDICIAL PANEL ON
                                  MULTIDISTRICT LITIGATION
                                           FILED

                                         JUN 22 92
         DOCKET NO. 862             PATRICIA D. HOWARD
                                    CLERK OF THE PANEL
```

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PRACTICE MANAGEMENT ASSOCIATES, INC., CHIROPRACTOR CONTRACT LITIGATION

*Practice Management Associates, Inc. v. Timothy S. Cheuvront*, M.D. Florida, C.A. No. 91-5-Civ-T-98-C

## BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK, HALBERT O. WOODWARD,* ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiff Practice Management Associates, Inc. (PMA) in the above-captioned action (*Cheuvront*) to vacate the Panel's order conditionally transferring *Cheuvront* to the Northern District of Georgia for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable G. Ernest Tidwell.

On the basis of the papers filed and the hearing held, the Panel finds that *Cheuvront* involves common questions of fact with actions in this litigation previously transferred to the Northern District of Georgia, and that transfer of *Cheuvront* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of *Cheuvront* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. *See In re Practice Management Associates, Inc., Chiropractor Contract Litigation*, MDL-862 (J.P.M.L. Dec. 3, 1990). PMA based its opposition to transfer primarily on the fact that a clerk's default had been entered in *Cheuvront* in the Middle District of Florida. We note, however, that on June 9, 1992, the court in the Middle District of Florida entered an order setting aside the default and reinstating the action. Thus there is no longer any impediment to transfer of *Cheuvront*.

IT IS THEREFORE ORDERED that the action entitled *Practice Management Associates, Inc. v. Timothy S. Cheuvront*, M.D. Florida, C.A. No. 91-5-Civ-T-98-C, be, and the same

---

*Judges Pollack and Woodward did not take part in the decision of this matter.

- 2 -

hereby is, transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable G. Ernest Tidwell for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman